Date signed June 20, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| NORRIS W. STEVE, SR. | : | Case No. 06-16453PM |
| | : | |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

## MEMORANDUM OF DECISION

      This case is before the court on the objection of Lisa Towana Kelly to confirmation of Debtor's Chapter 13 Plan. Aside from the claim filed by Ms. Kelly, there were two other claims totaling $640.15 filed by unsecured creditors without priority and a priority claim filed by Debtor's attorney in the amount of $4,025.00. Debtor's Plan filed October 27, 2006, is to pay $200.00 a month for 60 months, a total of $12,000.00. Earlier, on January 29, 2007, Debtor filed an objection to Ms. Kelly's proof of claim, and, when no response was filed by Ms. Kelly to his objection, the court, by Order entered March 15, 2007, disallowed the claim.

      Because the proof of claim was prepared by Ms. Kelly without the benefit of counsel, it did not fairly state the essence of the claim that was not fully understood until the hearing on her objection to confirmation of the Plan. Debtor called Ms. Kelly as a witness, and the court now understands this situation in its entirety and will therefore reconsider the claim for cause pursuant to Section 502(j) of the Bankruptcy Code.

      The court finds from the testimony of Ms. Kelly that the Debtor and she had a close personal relationship, and, to further that relationship, Debtor bought for her a 2001 Chrysler automobile, undertaking to make the payments to Wells Fargo, the holder of the lien secured by the vehicle. However, in order to purchase the vehicle, it was necessary for both Mr. Norris and

Ms. Kelly to become indebted to Wells Fargo. At some point the relationship soured. The Debtor stopped making payments on the vehicle, and the vehicle was repossessed by Wells Fargo in June, 2006. This bankruptcy case was filed in October, 2006. Because Wells Fargo did not file a timely proof of claim in this case, any obligation of the Debtor to Wells Fargo will be discharged upon consummation of the Plan. While the claim of Ms. Kelly based on the direct obligation of the Debtor cannot succeed for want of consideration as it is based upon a gift, she and the Debtor were co-obligors to Wells Fargo. And as has been stated:

> It is firmly established in Maryland that one debtor may claim contribution from another equally obligated for discharging their mutual obligation. Parties are co-obligors, as would support a right of contribution by one party against the other, if they are jointly liable or jointly and severally liable on an obligation; they are not co-obligors, however, if they are only severally liable on the obligation. Parties also share a common liability if they are jointly liable on the same non-tort obligation, such as a contract, promissory note, or tax.

5A M.L.E. Contribution § 3 (2001).

While the court understands that the vehicle was repossessed, there is nothing in the record to establish the amount of the deficiency, if any. What Ms. Kelly has against the Debtor is a contingent claim for one-half of the deficiency balance that arises after the sale by Wells Fargo. That claim is a valid one. As Section 502(c)(1) of the Bankruptcy Code provides:

> **11 U.S.C. § 502.  Allowance of claims or interests**
>
> (c) There shall be estimated for purpose of allowance under this section-
> (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case.

The court will, based upon the common results obtained in sales of repossessed vehicles, therefore estimate the deficiency at $6,250.00 and fix the amount of the contingent unliquidated claim at one-half of that, $3,125.00. An appropriate order will be entered.

cc:
Lisa Kelly, 1534 Barrett Road, Baltimore, MD 21207
Norris W. Steve, Sr., 6974 Hanover Parkway, Apt. 100, Laurel, MD 20725
Adam M. Freiman, Esq., 1777 Reisterstown Road, Suite 360E, Baltimore, MD 21208
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**